IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD FRIETZE and
JOSIE FRIETZE,

      Plaintiffs,

And

CITICORP MORTGAGE, INC., d/a/a
CITIMORTGAGE INC., and/or
CITIMORTGAGE, INC.,

A Nominal Party and Party of Interest,

v.

                                 CV 12-840 WJ/CG

ALLSTATE INSURANCE COMPANY
An Arizona Corporation,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on *Defendant Allstate Insurance Company's Motion to Sever, Bifurcate, and Stay*, (Doc. 27), and Defendant's *Memorandum In Support of Defendant Allstate Insurance Company's Motion to Sever, Bifurcate, and Stay* (collectively, "Motion to Bifurcate"), (Doc. 28); *Plaintiff's Response to Defendant Allstate Insurance Company's Motion to Sever, Bifurcate, and Stay*, (Doc. 29); and *Defendant Allstate's Reply Concerning It's [sic] Motion to Bifurcate and Stay*, (Doc. 34).   United States District Judge William P. Johnson referred the Motion to Bifurcate to the undersigned to recommend an ultimate disposition.   (Doc. 35).   Defendant's Motion to Bifurcate seeks to bifurcate the contractual and extra-contractual claims and stay discovery of the extra-contractual claims.   (Doc. 27 at 1-2).

## I.     Background

Plaintiff's Complaint contains four claims arising out of Defendant's failure to cover property damage at Plaintiff's rental property, allegedly in violation of Plaintiff's Landlord Homeowners Policy with Defendant.   (Doc. 1-1).   The claims are: 1) breach of contract; 2) violation of the New Mexico Unfair Trade Practices Act; 3) violation of the Unfair Insurance Practices Act; and 4) insurance bad faith.   (Doc. 1-1 at 9-12).   Defendant argues that for purposes of judicial economy and expedience, the breach of contract claim should be bifurcated from the other three, as relief for those three is entirely dependent upon Plaintiff prevailing on the contractual claim.   (Doc. 28 at 2, 6). Additionally, Defendant moves to stay discovery of the extra-contractual claims in order to promote judicial efficiency, avoid unnecessary discovery disputes over work product, and prevent prejudice to Defendant.   (Id. at 8-9).

## II.    Analysis

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims."   Fed.R.Civ.P. 42(b).   Under Rule 42(b), the Court has broad discretion in deciding whether to bifurcate issues for trial.   *Eastridge Development Co., v. Halpert Assoc.*, Inc., 853 F.2d 772, 781 (10th Cir. 1988). Bifurcation is appropriate "if such interests favor separation of issues and the issues are clearly separable."   *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003). "Regardless of efficiency and separability, however, bifurcation is an

abuse of discretion if it is unfair or prejudicial to a party." *Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964* (10th Cir. 1993).

Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary.   *See Marshall v. Overhead Door Co.*, 131 F.R.D. 94, 98 (E.D. Pa 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F.Supp.2d 1233, 1250 (D. Kan. 2010). Bifurcation under rule 42(b) is inappropriate where evidence to be presented against the parties is inextricably linked. *See FDIC v. Refco Grp., Ltd.*,184 F.R.D. 623, 629 (D. Colo. 1999) (finding that bifurcation would have no effect on evidence offered at trial because claims and evidence were inextricably linked).

Defendant's Motion to Bifurcate is based on its contention that the extra-contractual claims are dependent upon the contractual claim.   (Doc. 34 at 1). Defendant cites two cases to support its contention that an extra-contractual, bad-faith claim should be determined after the disposition of contractual claims: *Charter Services v. Principal Mut. Life. Ins. Co.*, 868 P.2d 1307 (N.M. App. 1994) (finding that "absent any contractual obligation to pay under the policy, we do not believe the concept of bad faith comes into play.") and *Woodmen Acc. & Life. Ins. v. Bryant*, 784 F.2d 1052 (10th Cir. 1986) (holding that an insurer's denial of a claim because the policy did not cover it was not a "frivolous or unfounded refusal to pay," the legal standard for a bad faith claim). However, bifurcation was not an issue in either of these cases.

Defendant implies that *Charter Services* and *Woodmen* mandate bifurcation in this

case because both courts found that a contractual obligation was a condition precedent to prevail on a bad faith claim.   However, there is some question as to whether Plaintiffs' contractual claim is entirely dispositive of the extra-contractual claims, as Defendant insists in its Motion to Bifurcate and by citing to *Charter Services* and *Woodmen*.   (Doc. 28 at 6).   As Plaintiffs correctly point out, an insurer's frequent failure "to affirm or deny coverage of claims of insureds within a reasonable time" is a violation of the Unfair Insurance Practices Act.   NMSA 1978 § 59A-16-20(D).   An insurer can violate this statute even while asserting a claim is not covered by the policy.   Defendant's Reply reiterates that it has cited to *Charter Services* and *Woodmen* for the proposition that the contractual claim is dispositive of the extra-contractual claims but does not make a substantive argument that refutes Plaintiffs' contention.

Furthermore, in deciding whether to bifurcate issues for trial, the Court must also consider whether bifurcation would improve efficiency or be prejudicial to the parties. Plaintiff asserts that they would be prejudiced by bifurcation because they would have to engage in multiple depositions of the same witnesses.   (Doc. 29 at 4-5).   Additionally, Plaintiff contends that bifurcation would not result in efficient use of the Court's resources, or simplify the issues, as the four claims and the evidence are all inextricably linked. (Doc. 29 at 6).

Ultimately, the Court is not persuaded that bifurcation of the contractual and extra-contractual claims will expedite the proceedings or be an efficient use of judicial resources.   Defendant has failed to demonstrate that the extra-contractual claims are dependent on the contractual claim.   Furthermore, the Court is not persuaded that the

4

issues are so separate that evidence would not be duplicated at trial.

###    III.    Recommendation

For the reasons discussed above, the Court **RECOMMENDS** that Defendant's Motion to

Bifurcate be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE